**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| Ervin Middleton Jr., | Case No.: 2:18-cv-0945-JAD-PAL |
| Plaintiff | |
| v. | **Order Dismissing Action and Denying Other Motions** |
| Carrington Mortgage Services, LLC; Ocwen Loan Servicing, LLC; Clark County Recorder's Office, | [ECF Nos. 3, 5, 6, 12, 17, 22, 34, 42] |
| Defendants | |

Pro se plaintiff Ervin Middleton Jr. initiated this action by filing a document he entitled "Registration of a Judgment (verified)."[1] The nature of this action has created great confusion and prolific motion practice. Though Middleton contends that he merely wanted to register judgments to enforce them, the papers he offers aren't court judgments—they're documents by which he purports to have secured consent judgments by default against the Clark County Recorder's Office and lenders Carrington Mortgage Services, LLC and Ocwen Loan Servicing, LLC using an out-of-court notary process with traces of admiralty law and the Uniform Commercial Code.

All defendants move to dismiss this action. Middleton moves for a refund of his filing-fee overcharge, for permission to file electronically, "to allow service of Defendants at its expense," for default against the Recorder's Office, and for judgment on the pleadings. I find all of these motions suitable for resolution without oral argument[2] and that Middleton's action is not

---
[1] ECF No 1.
[2] L.R. 78-1.

one to register judgments or for any plausible claim.  So I grant the motions to dismiss and deny all other motions.

## Discussion

**A.     Middleton's action**

Before I can sort out the merits of the many pending motions, I must first determine the nature of this action.  The "Registration of a Judgment (verified)," which serves as the initiating document, states that Middleton, "a, Free Man standing on the soil of Nevada state as a Free Inhabitant and member of the body politic the State of Nevada," "hereby register[s] judgments against" these defendants.[3]  These statements on this front page suggest that the intention of this action was simply to register judgments.  So, if I merely stopped reading after the first page, I could conclude that Middleton was just registering judgments.

But Middleton also avers in this document that "[t]here is Diversity Jurisdiction over this action" and that "the events gave rise to the Plaintiff's claims occurred inside Nevada,"[4] suggesting that he is invoking the jurisdiction of this court not to merely register a judgment, but to initiate a civil action based on diversity jurisdiction.[5]  Middleton quotes the Full Faith and Credit Clause of the U.S. Constitution[6] and makes references to the Administrative Procedure Act.[7]  He states that he "is entitled to relief in this equitable claim" and "summary judgment on his administrative remedy," and he "requires the court to order the Defendants to pay" $577,500,

---

[3] ECF No. 1.
[4] *Id*. at 2.
[5] 28 U.S.C. § 1332.
[6] U.S. Const. art IV, sec. 1.
[7] 5 U.S.C. § 551 et seq.

2

$671,165, and $660,000, respectively.[8] These are all hallmarks of a civil action, and because Middleton is asking by this action to do far more than simply register judgments—he's asking for specific relief from the court—this is not simply a judgment-registration action.

### B. The defendants' motions to dismiss

All defendants move to dismiss this action against them. Ocwen argues that Middleton's confusing initial filing fails to meet the pleading standard in Rule 8 of the Federal Rules of Civil Procedure (FRCP), so this action must be dismissed.[9] Carrington claims that it should be released from this action because Middleton did not serve it with process by the 90-day deadline in FRCP 4(m).[10] And the Clark County Recorder's Office points out that it is not an entity legally capable of being sued because "The State of Nevada has not waived immunity on behalf of its departments of political subdivisions."[11]

Middleton contends that his filing is being misconstrued. He claims that this is not a lawsuit; he is merely registering consent judgments against Ocwen and Carrington so he can enforce them.[12] He emphasizes this by claiming that the Clerk of Court charged him for a civil action when he only should have been charged the much smaller "miscellaneous filing" fee for his judgment registration and asking for a refund of the difference.[13]

---

[8] ECF No. 1 at 3–4.
[9] ECF No. 12.
[10] ECF No. 34.
[11] ECF No. 17 at 2.
[12] ECF No. 32 at 7 ("Plaintiff has already obtained a consent judgment from the Defendant, evidence of which was provided in his claim, which was not a complaint, but as, titled, a Registration of Judgment.").
[13] ECF No. 3.

### C. Middleton's registration matter must be dismissed because he does not seek to register a judgment.

The Full Faith and Credit Clause recognizes that "[a] final judgment in one State, if rendered by a court with adjudicatory authority over the subject matter and persons governed by the judgment, qualifies for recognition throughout the land."[14] Despite the title of Middleton's initiating document, he is not seeking to register judgments rendered by a court. His papers are not judgments—they're not court filings of any kind. These "judgments" consist of three parts. The first is an affidavit prepared and signed by Middleton and purportedly directed to each of the defendants, in which Middleton states that he is seeking a default judgment against them via something he entitles a "notarial protest and certificate of dishonor." And because these defendants apparently failed to respond to his affidavits, he claims in the second part of the document that they "have Dishonored the NOTICE AND DEMAND, Administrative Remedy of Ervin Middleton," and that they thus "have admitted the statement, claims, and answers to the inquires by *tacit agreement*," resulting in an "ADMINISTRATIVE JUDGMENT" that "is *stare decisis, res judicata* and *collateral estoppel*."[15] He then provides what appear to be self-created documents entitled "Accounting and True Bill"—one for Ocwen and one for Carrington[16]—in which he claims "Amount[s] due for violations of RESPA, TILA, Fraud, Conspiracy," a triple "Rights Violations Compensation Multiplier," a quadruple "Punitive Compensation Multiplier," and assorted other costs and awards.[17] There is no indicia on any of these documents that any court has considered or approved any of them or the process they purport to follow.

---

[14] *Baker by Thomas v. Gen. Motors Corp.*, 522 U.S. 222, 233 (1998).

[15] ECF No. 1 at 18 (emphasis original).

[16] Middleton did not attach an "Accounting and True Bill" for the Recorder's Office.

[17] *See* ECF No. 1 at 20 (Carringon), 26 (Ocwen).

4

These documents reflect only an out-of-court process by which Middleton claims he has secured judgments by consent or default (he calls them judgments in estoppel[18]) against the Recorder's Office, Ocwen, and Carrington for more than half a million dollars each.[19] Because Middleton's papers are not actually court judgments, he is not entitled to enforce his purported judgments under the Full Faith and Credit Clause[20] and the intake clerk properly docketed this case as, and charged the fee for, a civil action.

**D.     Middleton's filing does not state a plausible claim.**

Even when liberally construed as a civil-action complaint, Middleton's initial filing fails to state any plausible claim for relief against any defendant. He has stated no actionable facts against the Recorder's Office whatsoever and, regardless, it is merely a department of Clark County's municipal government and, as a matter of law, it lacks the power to sue or be sued.[21] So, I grant the Clark County Recorder's Office's motion to dismiss,[22] and I dismiss Middleton's action against it with prejudice because amendment would be futile.

---

[18] *See* ECF No. 1 at 3, ¶ 12.

[19] *See id.* at 4, ¶ 19.

[20] Middleton includes as Exhibit 1 to this filing an eight-page "Memorandum of Law for Washington State Notary Publics and Foreign Judgments Based on the Constitution of the United States Based on Full Faith and Credit And the Oath of Office 1.6 Update 1-10-2007," that appears to have been downloaded from the internet. ECF No. 1 at 7–14. To the extent that Middleton offers this document as points and authorities to support his entitlement to enforce his purported "judgments in estoppel," it fails to offer any legitimate legal support. And its relevance here is particularly curious considering that Middleton's documents all appear to have been notarized in Nevada and have no connection to Washington state. *See* ECF No. 1 at 17, 19, 21, 24, 27, 30, 32.

[21] *See, e.g., Wayment v. Holmes*, 912 P.2d 816, 819 (Nev. 1996) (noting that "[t]he State of Nevada has not waived immunity on behalf of its departments of political subdivisions").

[22] ECF No. 17.

I also dismiss this action against Ocwen and Carrington because Middleton has not shown any basis in law or fact to maintain it. Middleton's pleading does not contain a single factual allegation detailing any conduct by these lenders. The only hint he offers about that conduct is paragraph 12, which states "Plaintiff has established 'Judgment in Estoppel' vs CMS as evidenced by documents already admitted into evidence: Certificate of Non Response, Dishonor and Estoppel, certified by an officer of the court and by the Nevada Sectretary of State for CMS ( Exhibit 2), OLS (Exhibit 3), and CCRO (Exhibit 4)," combined with paragraph 16, in which he alleges that "Defendants are estopped for failure to respond to original administrative process, and allowing a collateral attack can not be allowed."[23] From those exhibits, I glean that he theorizes that these entities' failure to respond to his mailed Affidavits of Notice of Default, Notarial Protest, and Certificate of Dishonor ripened into something he calls administrative judgments in estoppel "in accordance with UCC 3-509."[24]

Federal Rule of Civil Procedure 8 requires every complaint to contain "[a] short and plain statement of the claim showing that the pleader is entitled to relief."[25] While Rule 8 does not require detailed factual allegations, the properly pled claim must contain enough facts to "state a claim to relief that is plausible on its face."[26] Thus, a complaint must make direct or inferential allegations about "all the material elements necessary to sustain recovery under *some* viable legal

---

[23] ECF No. 1 at 3–4.

[24] *See* ECF No. 1 at 19, ¶ 1. Middleton refers to himself in these documents as "Libellant," which Black's Law Dictionary defines as "The party who institutes a suit in admiralty or ecclesiastical court by filing a libel." Black's Law Dictionary 999 (9th ed. 2009). The term "libel" "was eliminated with the merging of the Admiralty Rules into the Federal Rules of Civil Procedure in 1986." *Id.*

[25] FED. R. CIV. P. 8(a)(2); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009).

[26] *Twombly*, 550 U.S. at 570.

6

theory."[27] Middleton's "Registration of a Judgment" falls far short of doing this. So, even if I were to construe this case as a civil action and Middleton's initiating document as a complaint, these claims are patently frivolous as they lack an arguable basis in law or fact. I thus dismiss this entire action with prejudice and without leave to amend. Although I recognize that the Ninth Circuit requires liberal amendment, particularly for pro se litigants,[28] I dismiss this action without leave to amend because I find it "absolutely clear that the deficiencies of the complaint could not be cured by amendment."[29]

**E.     Other motions**

Because I find that this action was not merely a judgment-registration one and it was properly categorized as a civil action, I deny Middleton's motion for a refund.[30] And because I am dismissing this action with prejudice and without leave to amend, I also deny as moot Middleton's motions to serve the defendants at the court's expense,[31] to permit him to file electronically,[32] for entry of default,[33] and for judgment on the pleadings.[34]

---

[27] *Id.* at 562 (quoting *Car Carriers, Inc. v. Ford Motor Co.*, 745 F.2d 1101, 1106 (7th Cir. 1989)) (emphasis in original).

[28] *See, e.g*, *Lopez v. Smith*, 203 F.3d 1122, 1131 (9th Cir. 2000) (en banc).

[29] *Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012) (quoting *Schucker v. Rockwood*, 846 F.2d 1202, 1203–04 (9th Cir. 1988)).

[30] ECF No. 3.

[31] ECF No. 5.

[32] ECF No. 6.

[33] ECF No. 22.

[34] ECF No. 42.

## Conclusion

Accordingly, with good cause appearing and no reason to delay, IT IS HEREBY ORDERED that:

- Middleton's motion for a refund of the filing-fee overcharge **[ECF No. 3] is DENIED;**
- The defendants' motions to dismiss **[ECF Nos. 12, 17, 34] are GRANTED; this action is DISMISSED with prejudice and without leave to amend;**
- All other pending motions **[ECF Nos. 5, 6, 22, 42] are DENIED as moot;**
- The Clerk of Court is directed to ENTER JUDGMENT accordingly and CLOSE THIS CASE.

Dated: November 9, 2018

_____
U.S. District Judge Jennifer A. Dorsey